**In re BECK–RUMBAUGH ASSOCIATES, INC.**

**Civ. A. No. 87–826.**

United States District Court, E.D. Pennsylvania.

Nov. 23, 1987.

---

Fred Lowenchuss, Philadelphia, Pa., for Robert Rumbaugh.

Ciardi, Fishbone & DiDonato, Edward Di-Donato, Paul J. Winterhalter, Philadelphia, Pa., for trustee Anthony Barone.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Before the court is a motion to dismiss this appeal from the Bankruptcy Court. For the reasons now stated, the motion to dismiss is denied.

On March 13, 1985, Beck–Rumbaugh Associates, Inc. filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S. C. § 701 *et seq.* The action was assigned to the Honorable William A. King, Jr. Anthony Barone was appointed as Trustee; the law firm of Ciardi, Fishbone & DiDonato ("Ciardi") was appointed counsel for the Trustee.

On March 15, 1986, the Trustee filed an application for interim counsel fees for Ciardi. Appellant Robert Rumbaugh, a creditor of the bankrupt, objected to the payment of interim fees to Ciardi. On May 8, 1986, after a hearing held May 7, 1986, Judge King entered an order granting the Trustee's application. That order was appealed to this court as Civil Action No. 86–3604. By Order dated August 18, 1986, this court remanded the matter to the Bankruptcy Court for findings of fact in support of the award. Less than a week after the remand, appellant filed an application for attorney's fees.

Ciardi's award and appellant's application for fees were subsequently considered by the Honorable David A. Scholl. A hearing was held on October 14 and 15, 1986. On January 12, 1987, Judge Scholl issued an opinion and order granting the Trustee's application for fees and denying appellant's application, 68 B.R. 882.

Appellant filed a Notice of Appeal to the District Court; he objected to the opinion and the "tenor of the Opinion of the Honorable David A. Scholl dated the 12th day of January, 1987." The parties then designated items to be included in the record on appeal. By order dated February 13, 1987, the clerk of this court established a briefing schedule for the appeal. On March 6, 1987, appellant filed his brief. On March 26, 1987, the Trustee filed his brief and the instant motion to dismiss the appeal.

The Trustee asserts two grounds for dismissal: (1) appellant failed properly to request transcripts of the October 14 and 15, 1986 hearing before Judge Scholl, and (2) appellant filed its brief improperly. Appellant contends that the Trustee's brief was untimely.

Appellant's designation of items for the record included the transcripts of the hearing. It is not apparent from the record before the court that appellant made a written request for transcripts. *See* Fed.R. Bankr.P. 8006. This court may suspend the requirements of Rule 8006 "in the interest of expediting decision or for other good cause." Fed.R.Bankr.P. 8019. These transcripts are essential to the court's review of the Bankruptcy Court's decision. Appellant shall file said transcripts within thirty (30) days.

Although appellant did not comply with Fed.R.Bankr.P. 8009 in filing the brief, the Trustee received a copy with ample time to prepare his own. Similarly, appellant has not been prejudiced by the Trustee's failure to comply with the briefing schedule. The district court has discretion to specify time limits for filing briefs, Fed.R.Bankr.P. 8009; the briefs of both parties are deemed

timely. The motion to dismiss the appeal will be denied.